NUMBER
13-11-00054-CR

 

                                 COURT
OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG


____________________________________________________________

 

MARCUS PENA,                                                                      APPELLANT,

 

                                                             v.

 

THE STATE OF TEXAS,                                                            APPELLEE.


____________________________________________________________

 

                          On
Appeal from the 377th District Court 

                                       of
Victoria County, Texas.

____________________________________________________________

 

                               MEMORANDUM
OPINION

 

                            Before
Justices Garza, Benavides, and Vela

Memorandum Opinion
Per Curiam

 

Appellant,
Marcus Pena, attempted to perfect an appeal from a conviction for aggravated
robbery.  We dismiss the appeal for want of jurisdiction.








Sentence
in this matter was imposed on September 23, 2010, counsel filed a motion for
new trial on October 7, 2010, and notice of appeal was filed on January 24,
2011.  On January 24, 2011, the Clerk of this Court notified appellant that it
appeared that the appeal was not timely perfected and that the appeal would be
dismissed if the defect was not corrected within ten days from the date of
receipt of the Court=s directive.  On that same day, January
24, 2011, appellant filed a motion for leave to file notice of appeal.

Texas
Rule of Appellate Procedure 26.2 provides that an appeal is perfected when
notice of appeal is filed within thirty days after the day sentence is imposed
or suspended in open court unless a motion for new trial is timely filed.  Tex. R. App. P. 26.2(a)(1).  Where a
timely motion for new trial has been filed, notice of appeal shall be filed
within ninety days after the sentence is imposed or suspended in open court.  Tex. R. App. P. 26.2(a)(2).  The time
within which to file the notice may be enlarged if, within fifteen days after
the deadline for filing the notice, the party files the notice of appeal and a
motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure.  See
Tex. R. App. P. 26.3.

Appellant
timely filed a motion for new trial.  Therefore, his notice of appeal was due
to have been filed on or before December 22, 2010.  See Tex. R. App. P. 26.2(a)(2).  Within the
fifteen day time period, appellant did not file a motion for extension of time
to file his notice of appeal and did not file his notice of appeal.  








This
Court's appellate jurisdiction in a criminal case is invoked by a timely filed
notice of appeal.  Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App.
1996).  Absent a timely filed notice of appeal, a court of appeals does not
obtain jurisdiction to address the merits of the appeal in a criminal case and
can take no action other than to dismiss the appeal for want of jurisdiction.  Slaton
v. State, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).  Appellant may be
entitled to an out‑of‑time appeal by filing a post‑conviction
writ of habeas corpus returnable to the Texas Court of Criminal Appeals;
however, the availability of that remedy is beyond the jurisdiction of this
Court.  See Tex. Code Crim. Proc.
Ann. art. 11.07, ' 3(a) (Vernon 2005); see also Ex
parte Garcia, 988 S.W.2d 240 (Tex. Crim. App. 1999).

Appellant’s
motion for leave to file to file notice of appeal is DENIED.  The appeal is
DISMISSED FOR WANT OF JURISDICTION.                                                                          

 

                                                                                    PER
CURIAM

Do not publish.  

See Tex. R. App. P.
47.2(b).

 

Delivered and filed the 

24th day of February, 2011.